# CIRCUIT COURT OF THE CITY OF NORFOLK

Commonwealth of Virginia

v.

Belinda Stroman

February 27, 2001

Case No. CR00003036

BY JUDGE MARC JACOBSON

Belinda Stroman (Defendant) was sentenced by this Court on February 7, 2001, pursuant to her plea of guilty to and conviction for felony embezzlement. In addition to the restitution required to be made to Defendant's victim, her employer, this Court required that Defendant make restitution to an insurance company which paid monies lost as a result of Defendant's embezzlement to the victim of Defendant's embezzlement. Counsel for Defendant objected on the ground that the insurance company is not a "victim" entitled to restitution under the Virginia Code and that Defendant cannot be required to make restitution to the insurance company.

Counsel for Defendant acknowledges that the insurance company could stand in the shoes of the victim "for purposes of subrogation on a civil claim," but still argues that, for purposes of criminal restitution, the insurer "does not stand in place of the victim." *See* letter to the Honorable Marc Jacobson, February 16, 2001, at 1.

The issue before this Court has been addressed in the case of *Alger v. Commonwealth*, 19 Va. App. 252, 450 S.E.2d 765 (1994), where the defendant had been convicted of several property crimes, including grand larceny. Certain of the defendant's victims were compensated for their losses by their insurance companies and the sentencing judge ordered the defendant to make restitution to the insurance companies in the amounts actually paid to the victims. *See id.* at 254. The defendant argued that the court was powerless to grant such restitution because the insurance companies were neither

"victims" nor "aggrieved parties" within the meaning of the Code sections authorizing restitution. In upholding the defendant's sentence, the Court of Appeals noted that insurance companies that pay crime victims for theft or casualty may stand in the shoes of the victims for the purpose of civil claims. The Court analogized this doctrine to the doctrine of restitution, and construed the restitution statutes to allow such recovery, holding that "the trial court did not err in granting restitution to the insurance carriers. . . ." *See id.* at 259.

Defendant's Motion to Limit Restitution is denied.